THOMPSON ET AL. *v.* GARVER, COUNTY AUDITOR,
ET AL.

*Ditches and drains — Cleaning and repairing — What property may
be assessed — Section 6691, General Code — Remedies of land-
owner — Section 6699, General Code — Appeal to probate court
or injunction — Appeal to court of appeals.*

1. Section 6691, General Code, relating to apportionment of work
and expense of cleaning and repairing ditches, is to be con-
strued as a whole, and hence benefits do not inure to all lands
from which water ultimately flows into a ditch under improve-
ment; but where drainage is supplied, or where existing nat-
ural drainage is in any essential degree aided or improved, an
assessment may be levied according to such benefits, although
the land is not contiguous to a ditch improvement.
2. The provisions of Section 6699, General Code, for appeal to the
probate court from the action of trustees and ditch supervisors,
are not exclusive, but a landowner who claims fraud or col-
lusion, or that his property is not benefited by a ditch improve-
ment, may maintain injunction and thereafter prosecute appeal
to the court of appeals.

(Decided June 1, 1917.)

APPEAL: Court of Appeals for Medina county.

*Mr. J. W. Seymour,* for plaintiffs.
*Mr. A. B. Underwood* and *Mr. Arthur Van Epp,*
for defendants.

LIEGHLEY, J. The trustees and ditch supervisor
of the township of Granger apportioned certain
work or expenses against the lands of the plaintiffs
for cleaning out and repairing Granger ditch. The
plaintiffs filed their petition in the common pleas
court to enjoin the county auditor, trustees and

ditch supervisor from levying assessments. The case was heard below, and from the judgment of the court below appeal was taken to this court.

First, it is claimed by the plaintiffs that said officers in making the levy were guilty of fraud and collusion. Of this we find no affirmative proof, unless the fact that the levy so made amounts to a constructive fraud.

Second, it is claimed that plaintiffs were not liable to be assessed for said improvement, and that their lands were in no way benefited by reason thereof.

It is urged on behalf of the defendants that this court has no jurisdiction to entertain this lawsuit, for the reason that an appeal from the action of the trustees and ditch supervisor is provided for by Section 6699, General Code, and that this right of appeal to the probate court therein provided is exclusive.

It is further claimed by the defendants that the lands of the plaintiffs were in fact benefited, and, if, in fact, those lands were not benefited, they are liable to be assessed by reason of the fact that the waters from the lands of plaintiffs flow over other lands into said Granger ditch; that under the provisions of Section 6691, General Code, the assessment is legal and one comprehended by said section.

It is true that a remedy of appeal to the probate court is provided by Section 6699, but in our judgment we do not think it is exclusive in all cases. When fraud and collusion are claimed, or when it is contended that the land was in no degree benefited by the improvement, then we think the owner of the land may invoke the remedy of injunction.

Under the chapter providing the method and manner of original construction of a township ditch, Section 6625, General Code, provides for a similar appeal from the action of the trustees to the probate court. This section was considered by the circuit court of Fairfield county in a case in which "no benefits" was the claim of the plaintiff. This court held that in such a case injunction will lie, notwithstanding it is directed against the action of a judicial board. Under such circumstances, or in the event of alleged fraud and collusion, we think the court was right. *Stemen* v. *Hizey et al.*, 11 C. C., N. S., 347.

The ditch supervisor and trustees proceeded under the following section:

"SEC. 6691. For the cleaning and keeping in repair of township, county and joint county ditches, the township ditch supervisor or supervisors of the township or townships through which such ditch runs, shall divide them into working sections and apportion such sections to the land owners, corporate roads, railroads, township and county according to the benefits received. Owners of land not contiguous to the ditch but the water from whose lands is carried into it by means of tile or by passing over the lands of others, must assist in cleaning and keeping such ditch in repair, and all working sections allotted to each land owner shall be on or as near as practicable to his premises."

This section must be considered as a whole. The last sentence does not mean all lands the waters from which flow into such ditch. Read alone, it would comprehend the entire valley above the point of improvement within the watersheds. It means

only such lands as are benefited. To reclaim swamps and low lands for agricultural purposes is one of the objects sought by ditch legislation. Land is benefited, which, but for the existence of the ditch, or the cleaning and maintaining of the same, would not be drained or drained so thoroughly. Land so located that waters thereon are readily discharged therefrom by reason of elevation and slope so that the same is sufficiently drained for its reasonable use for all practical purposes without any need of artificial aid is not benefited by a ditch located on lands beyond and into which such waters may eventually flow. Land on a hillside is not benefited, and a ditch renders it no more useful or valuable; but land is benefited whose drainage is provided by the ditch or whose drainage is in any essential degree aided and improved. Suppose A's land is contiguous to a ditch and B's land lies beyond A's. If the maintenance of laterals or artificial ditches in A's land emptying into the improved ditch are required to drain his land, his land is certainly benefited thereby. If the maintenance of these by A in any degree aids the drainage of B's land, then the land of B is benefited thereby. Especially is this true, if, for instance, these artificial laterals or ditches in A's land should be closed, and this closing of the same would in any degree retard or affect the drainage of B's land.

In this case lateral No. 5 extends southeasterly from the Granger ditch. Southwesterly from lateral No. 5 extends a ditch through the land of Hopkins to the line between lands of Hopkins and the plaintiff Thompson. From this point on the line a ditch through the lands of Thompson extends

southwesterly. Thompson's land at the place of location of this ditch is low. If Hopkins would close this ditch at the line, we are satisfied from the proofs that the land of Thompson would not be so effectually drained as it is with the aid of this open ditch. Of course if this were a natural watercourse, Hopkins would have no right to close the same. If it were a natural watercourse, and in addition thereto required artificial aid at and beyond the line to effectually drain his land, then Thompson would be benefited by this system of ditch improvement. In order that Hopkins' land be drained, it is necessary that his ditch to lateral 5 be kept open. It is equally essential that lateral 5 be maintained in a state of repair. In order that lateral 5 perform the work assigned to it in this ditch system, it is essential that Granger ditch be repaired and cleaned. If Hopkins does not maintain and keep open his ditch to lateral 5, then the land of Thompson will not be adequately drained for practical purposes—for farming purposes. As we view it, Thompson is clearly, therefore, benefited by the repair and cleaning of Granger ditch.

If we are correct in this conclusion, then the same reason applies to the plaintiff Bishop, and we hold that she is liable for the assessment levied against her land.

For the reasons assigned the petitions of plaintiffs are dismissed and judgment is rendered for the defendants for costs.

*Petitions dismissed.*

GRANT and CARPENTER, JJ., concur.